1          THE HONORABLE BARBARA J. ROTHSTEIN

2

3

4

5

6

7

8                              **U.S DISTRICT COURT**
                      **WESTERN DISTRICT OF WASHINGTON**
9                                  **TACOMA**

10

11   GORDON HEMPTON,                          NO. 3:15-cv-05696-BJR

12                    Plaintiff,              PLAINTIFF'S MOTION TO COMPEL
                                              COMPLETE DISCOVERY RESPONSES
13        v.                                  REGARDING POND5 CUSTOMERS
                                              WHO DOWNLOADED PLAINTIFF'S
14   POND5 , INC., a Delaware Corporation; and   COPYRIGHTED WORKS
     POND5 USER CKENNEDY342, a corporation
15   or individual of type unknown,
                                              NOTE ON MOTION CALENDAR:
16                    Defendants.             September 23, 2016

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION TO COMPEL - i

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## I.    INTRODUCTION

1
2       Plaintiff Gordon Hempton ("Plaintiff" or "Mr. Hempton") hereby moves this Court for an
3  order compelling Defendant Pond5, Inc. ("Pond5") to produce full and complete responses to
4  Interrogatories No 1 and 3 and Requests for Production No. 7 and 16 provide information related
5  Pond5's customers who purchased and downloaded Mr. Hempton's copyrighted material from
6  Pond5's website.  The parties have met and conferred on at least three occasions and Defendant
7  has been unwilling to identify the customers. For the reasons below, Plaintiff's motion should be
8  granted.
9       In this action, Mr. Hempton, a nature sound recordist, alleges infringement of his
10 copyrighted works by Pond5, an online merchant that that distributes content to its customers.  In
11 his Complaint, Mr. Hempton alleges that Pond5 user ckennedy342, now understood to be Hassan
12 Khan in Karachi Pakistan, uploaded hundreds of Mr. Hempton's copyrighted audio files to
13 Pond5's online market and Pond5 offered these files for sale. Dkt. 1.  Through discovery in this
14 action, Plaintiff has confirmed that 1) ckennedy342 uploaded to Pond5, and Pond5 offered for
15 sale, 655 tracks that are Mr. Hempton's copyrighted works; and 2) 86 of those tracks were
16 subsequently purchased and downloaded 146 times by Pond5 customers. Declaration of Gordon
17 Hempton ("Hempton decl.") at ¶ 5-8.  Additionally, an unknown number of free "evaluation
18 copies" of Mr. Hempton's works were downloaded by Pond5 customers. *Id.* ¶ 16.  Pond5 admits
19 that it has taken no action with respect to the infringing copies of Mr. Hempton's works.
20      Customers who purchase and download infringing content from Pond5.com are falsely
21 told by Pond5 that they are purchasing a broad, royalty-free, world-wide license that allows them
22 to use, copy, perform, reproduce, and create derivative works from that content with almost no
23 restrictions. Dkt. 16 at 1.[1]  Thus, the number of additional and continuing copyright infringements
24 by each of these individuals and the potential damage to Mr. Hempton's copyrights from these
25 146 purchases of 86 tracks (and an unknown number of downloads of evaluation copies) is

26

27
[1] *See also* Deposition of Pond5 30(b)(6) representative Thomas Crary ("Crary Dep") at 22-28, ex. 1 to Declaration of Roger Townsend ("Townsend decl.").

PLAINTIFF'S MOTION TO COMPEL - 1

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

uncontained. Until Pond5 reveals to Mr. Hempton the identities, contact information, and other documentation associated with the customers who purchased and downloaded his copyrighted works, Mr. Hempton has no ability to determine the extent of, or to mitigate, the infringement of and damage to his copyrights.

Plaintiff served discovery requests on Pond5 for information regarding Pond5's customers that downloaded Mr. Hempton's works.  Ex. 2 to Townsend decl.  At Pond5's request, Plaintiff has furnished Defendant with substantial proof that Pond5 distributed unauthorized copies of Mr. Hempton's copyrighted works.  However, Defendant has refused to provide Plaintiff with any particularized information regarding to whom it actually distributed Mr. Hempton's works. The discovery sought is reasonably likely to lead to the discovery of admissible information, is readily accessible to Pond5, and should be compelled to be produced.

## II.    FACTS

### A.  Background Facts

Gordon Hempton is a pioneer in the recording of nature sounds. Complaint, dkt 1 at ¶¶ 11-34.  He has spent a lifetime traveling to remote locations around the world to obtain the highest quality audio content. *Id*.  Mr. Hempton has made his livelihood selling and licensing his recordings for use by various media producers, as well as in the growing mediation recording market. *Id*. Mr. Hempton has obtained copyright registrations on his recordings and maintains an exclusive ownership interest in his recordings. Complaint, dkt. 1, ¶¶ 38-41 and exhibits.

Defendant Pond5 operates an online marketplace that licenses media to customers. Dkt 12, ¶ 9.  Third party contributors submit videos, photos or sound effects to Pond5 and Pond5 posts the media for sale. *Id.*  Pond5 conducts curatorial review for suitability on the Pond5 system and, if accepted, posts to the content for sale to its customers.  When a file is sold, Pond5 keeps 50% of the sale proceeds.  *Id.*

Pond5 customers who do not purchase content can nonetheless download an "evaluation copy." Crary dep. at 35-36; 268-274.  The evaluation copies contain an "audio watermark" of a voice saying "Pond5" or "Pond5.com" approximately every 7 to 9 seconds.  Dkt. 12 at 33. Due to

PLAINTIFF'S MOTION TO COMPEL - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

the nature of Mr. Hempton's works (i.e., nature sounds without a narrative structure), the evaluation copies can be edited and exploited as independent economically viable copies.  Pond5 admitted that it tracks who downloads these evaluation licenses, but has refused to produce any information regarding the end users.  In fact, Pond5 has testified that it has not even bothered to look at its own data about who downloaded Mr. Hempton's works on either a paid or evaluation basis. *Id.* at 37, 270-71.

### B. Plaintiff's Request for Information regarding the Scope of Infringement of Plaintiff's Works

Plaintiff alleges that Pond5 allowed a repeat infringer, ckennedy342/Hassan Khan, to get through its curatorial review and upload over ten thousand files to Pond5's site. Hempton decl. ¶ 5-8. Pond5's CFO initially acknowledged that some of ckennedy342's uploaded files were Mr. Hempton's and apologized that it had sold Mr. Hempton's works without his permission.[2]

Despite this acknowledgement, Pond5 has subsequently adopted the position that it would be speculative to conclude that ckennedy342's uploaded files were the same as Mr. Hempton's. In response, Mr. Hempton has diligently provided information supporting the conclusion that was obvious from the outset: the files distributed by Pond5 are identical to Mr. Hempton's copyrighted works.  At this time, there is no legitimate dispute that the files are the same.[3]

Pond5 has had copies of Mr. Hempton's copyrighted works since February 5, 2016, prior to Pond5 propounding any discovery requests in this case.  On that date, Plaintiff produced a copy of the files from his copyrights attached to the complaint, with an accompanying index including the title of each audio file. (HEMP 000001-69.) Subsequently, pursuant to an informal request from Pond5, Plaintiff produced to Pond5 copies of the works in individual smaller segments. *See* ex. 5 to Townsend decl.

On April 28, 2016, Pond5 produced to Mr. Hempton the sound files uploaded by ckennedy342 and offered for sale on Pond5.com. The files are identical to Mr. Hempton's. In

---

[2] *See* October 16, 2015 Email from Crary to Mr. Hempton (PON 000284-293), ex. 4 to Townsend decl.

[3] *See* Hempton decl. and exhibits.

PLAINTIFF'S MOTION TO COMPEL - 3

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

addition to sounding identical to the naked ear, the files are the same length, contain nearly identical titles of files (e.g., "Insect crickets isolated" and "insect-crickets-isolated"), and the "audio thumbprints" are the same. Hempton decl. at ¶ 7.  Additionally, the metadata associated with the files uploaded by ckennedy342 demonstrate that more than 100 files contained Mr. Hempton's exact Quiet Planet catalog name and number in the metadata.  *See* ex. 6 (Email from Pond5 attaching spreadsheet, PON00539).  Based on his detailed and technical analysis, Mr. Hempton has concluded that 655 of the files uploaded by ckennedy342 are Mr. Hempton's, and that 86 of those files were purchased and downloaded by Pond5 customers 146 times. *See* Hempton decl.[4]

### C.  Plaintiff's Discovery Requests

On December 10, 2015, Plaintiff served Plaintiff's First Set of Interrogatories and Requests for Production. Ex. 2. Plaintiff made the following requests related to the identities of customers who downloaded Mr. Hempton's works, and any efforts by Pond5 to contact those customers or recall Mr. Hempton's works:

**INTERROGATORY NO. 1:**   Identify all Customers who downloaded Gordon Hempton's copyrighted works of authorship from January 1, 2012 to the present.  Identify and describe with particularity all efforts to recall Mr. Hempton's material or otherwise respond to your knowledge that Mr. Hempton did not authorize the use of his works.

**REQUEST FOR PRODUCTION NO. 3:**  Please provide a complete accounting of the history of Gordon Hempton's copyrighted sound files on Pond5, including which files have been downloaded, when they were downloaded and/or purchased, who downloaded and/or purchased them (including name, username, IP addresses, identity, location, business for whom the Contributor was an agent, paypal username, paypal payment data information available to Pond5), as well as how much the Contributor paid to download each file.

**REQUEST FOR PRODUCTION NO. 7:**   Please provide all documents and information received by Pond5 from any user who uploaded or downloaded Gordon Hempton's works.

**REQUEST FOR PRODUCTION NO. 16:**  Please produce all documents related to any efforts Pond5 has undertaken to contact Contributors who have downloaded

---

[4] It is presently unknown by Plaintiff how many of his files and how many times his files were downloaded or reviewed as evaluation copies because Pond5 has not produced *any* information related to these discovery requests.

PLAINTIFF'S MOTION TO COMPEL - 4

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

2

and/or purchased Gordon Hempton's works.

To date, Defendant has refused to furnish Plaintiff with the identities of Pond5's customers

3

who downloaded Mr. Hempton's copyrighted audio files, and has refused to make any effort to

4

recall Mr. Hempton's copyrighted works from those customers.

5

In other instances in which it becomes aware of infringement on its website, Pond5 has

6

promptly reached out directly to its customer, requested that the customer "cease use of the track"

7

and offered a settlement. *See* September 7, 2016 Pond 5 email to Customer, attached as Ex.8 to

8

Townsend Decl.

9

Counsel for Plaintiff and Defendant have conferred repeatedly, in writing, face to face, and

10

by telephone and have not been able to come to resolution. *See* Townsend decl. ¶ 9. This motion

11

comes on the Court's instruction after the parties contacted the Court for a discovery conference.

12

Dkt. 32.

**D.  Plaintiff's Motion to Amend**

13

Contemporaneous with this Motion, Plaintiff has moved to amend his Complaint and seeks

14

to add as "John/Jane Doe" defendants the Pond5 customers who purchased or otherwise

15

downloaded Mr. Hempton's property from Pond5.  But regardless of whether the Pond5

16

customers are added as defendants, their identities and contact information are reasonably likely to

17

lead to the discovery of admissible evidence and should be produced.

18

**III.    ARGUMENT**

19

Plaintiff respectfully requests that his motion to compel be granted. The identities, contact

20

information, and other records related to the Pond5 customers who purchased infringed versions

21

of Mr. Hempton's copyrighted works on Pond5.com are discoverable and should be promptly

22

produced.

23

**A.  The Information Sought is Relevant, Proportional and Discoverable**

24

FRCP 26(b)(1) provides that:

25

Unless otherwise limited by court order, the scope of discovery is as follows:
Parties may obtain discovery regarding any nonprivileged matter that is relevant
to any party's claim or defense and proportional to the needs of the case,
considering the amount in controversy, the importance of the issues at stake in the

26

27

PLAINTIFF'S MOTION TO COMPEL - 5

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1
2

action, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

3

The identity of the Pond5 customers who purchased and downloaded Mr. Hempton's work

4

is directly relevant to liability in this case. To prove copyright infringement, it is sufficient to

5

show (1) plaintiff's ownership of the copyright and (2) defendant's unauthorized copying of

6

protected material. *See, e.g., North Coast Indus. v. Jason Maxwell, Inc.,* 972 F.2d 1031, 1033 (9th

7

Cir.1992); *Krofft Television Prods. v. McDonald's,* 562 F.2d 1157, 1162 (9th Cir. 1977).  In his

8

Complaint, Plaintiff alleged copyright infringement and named as defendants Pond5 and Pond5

9

contributor ckennedy342.  Through discovery in this action and after more than 100 hours of

10

meticulous file-by-file comparison, Plaintiff has confirmed that 1) ckennedy342 uploaded to

11

Pond5, and Pond5 offered for sale, 655 tracks that are Mr. Hempton's copyrighted works; and 2)

12

86 of those tracks were subsequently purchased and downloaded by Pond5 users 146 times. *See*

13

Hempton decl. at ¶¶ 5-8 and exhibits.

14

The Western District of Washington has a precedent of requiring production of

15

information related to direct infringers.  In *LHF Prods. v. Does 1-15*, 2016 U.S. Dist. LEXIS

16

111056 (W.D.WA 2016), the Court denied a motion to quash a subpoena identifying the users

17

who illegally downloaded a copyrighted motion picture, reasoning that,

18
19
20
21
22

The Court agrees with Plaintiff and cited cases in this district and beyond—Defendants are not entitled to anonymity. Each subscriber's identity is relevant and almost certainly necessary to determine the identity of the actual infringer. The burdens described in Defendants' Motions are not unique to this case and would befall any Defendant to a lawsuit. Furthermore, the Court is convinced that the requested information cannot be obtained from some other source that is more convenient, less burdensome, or less expensive.

23

*Id.* at \*5.[5]  In *A & M Records, Inc. V. Napster*, Inc. 239 F.3d 1004 (2001), the Ninth Circuit

24

25
26
27

---

[5] *See also Cybermedia*, 19 F.Supp.2d at 1079 (collecting cases requiring recall of third-parties' distribution of infringing products); *Homeland Housewares, LLC v. Euro-Pro Operating LLC,* 2014 U.S. Dist. LEXIS 127250 (C.D.Ca 2014) (denying defendant's motion to enjoin plaintiff from sending letters to retailers who carry defendant's allegedly infringing product); *On Command Video Corp. v. Columbia Pictures*, 764 F. Supp. 1372, 1373 (N.D. Cal. 1991) (recognizing that courts routinely uphold good faith notifications to non-parties of pending intellectual property claims, and that notification is prohibited only where alleged infringer can demonstrate bad faith).

PLAINTIFF'S MOTION TO COMPEL - 6

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

recognized that users who downloaded files containing copyrighted music violated the plaintiffs' reproduction rights and consequently could be liable as <u>direct infringers</u>.  *Id.* at 1014-1015. Further, the Copyright Act is a strict liability statute. So while the downloaders may have (or may not have) been unwitting in their infringing activity, a lack of intent does not absolve an infringing party of liability. *See Cybermedia v. Symantec Corp.*, 19 F.Supp.2d 1070, 1079 (N.D.Cal. 1998). Plaintiff has a vital interest in discerning – and it is directly relevant to his claim – who the other potential infringers are, the extent of their infringement, and what relationship those infringers have to Pond5 and ckennedy342. Moreover, the identities of the customers are even more relevant to Plaintiff in determining the additional potential defendants in this action because Pond5, in its License Agreement, does *not* indemnify or hold harmless its customers in the event that Pond5 has sold to the customer infringing content. *See* Crary dep. at 218; *see also* License Agreement at § 9, ex. 3 to Townsend decl.  Pond5 cannot dispute that, by its own License Agreement, direct liability for infringement *does not* stop at Pond5.  Each unauthorized reproduction, copying, and use of Plaintiff's copyrighted works is an additional act of infringement.[6]

The information sought is also relevant to mitigation and damages. In a copyright infringement claim, one measure of damages is actual damages. 17 U.S.C. § 504(b). This entails proving "the extent to which infringement has injured or destroyed the market value of the copyrighted work at the time of infringement." 5-14 Nimmer on Copyright § 14.02.  Disclosure of the customers' identities and documents related to those customers is necessary for Plaintiff to investigate and evaluate the extent of his actual damages.  Mr. Hempton is entitled to know what Pond5's customers did with the infringing material and the extent of the ongoing damage to Plaintiff's copyrights from these uses.

Pond5 proudly touts that it grants to its customers a royalty-free, worldwide, nearly-unlimited license to the content its users purchase and download on Pond5.com.[7] Pond5 has

---

[6] In an accompanying motion, Plaintiff seeks leave to amend his Complaint to name as defendants these "John/Jane Doe" Pond5 customers.

[7] *See e.g.* Pond5 FAQs ("Our license grants you lifetime, unlimited, worldwide usage, in perpetuity, across all media platforms"), available at https://help.pond5.com/hc/en-us/articles/200944303-Is-My-Usage-Covered-by-Your-

PLAINTIFF'S MOTION TO COMPEL - 7

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

falsely told its customers that Mr. Hempton's works could be used anywhere: in a commercial, movie, or in an ambient-sound app available for download.  The infringing content which Pond5 sold not only potentially deprived Mr. Hempton of a sale, but the content could now be being used to compete directly with products offered directly by Hempton.[8] But Mr. Hempton has no way of discerning this until he obtains the identities of the downloaders. The identities of the downloaders is necessary to help Plaintiff prevent further downstream infringements from occurring and to mitigate his damages. *See Antman v. Uber Techs., Inc.*, 2016 U.S. Dist. LEXIS 5032, at \*13-15 (N.D. Cal. 2016) ("As a general rule… where the  identity of an alleged wrongdoer is not known before a complaint is filed, a party "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities...").

Plaintiff's request for discovery does not overstep the bounds of and is proportional to the needs of the case.  It is readily available to Pond5 which of its customers downloaded.  In fact, Pond5 has a track record of reaching out to customers directly and requesting that they "cease use of the track" and offered a settlement.

**B.  Plaintiff Need Not First "Prove" Liability**

Pond5 has taken the position in response to Plaintiff's discovery request and in discovery conferences with Plaintiff that Plaintiff must first conclusively "prove" his case – that the audio files uploaded by ckennedy342 and sold on Pond5.com were Mr. Hempton's copyrighted works – before he is entitled to the identity of the downloaders.

While Mr. Hempton disputes this onerous burden is required, he has nonetheless effectively met that burden. Plaintiff has proffered to Pond5 copies of all of his sounds files, including their titles, and where applicable, the Quiet Planet catalog numbers and names. Plaintiff has produced for Pond5 a title-by-title list comparing the ckennedy342 tracks to Plaintiff's tracks.

---

License-Agreement-.

[8] Among the other restrictions that Plaintiff includes in the licensing of his own content, Mr. Hempton expressly prohibits use of his content in ways that directly compete with Mr. Hempton's own commercially-lucrative use of his copyrighted works. *See e.g.* ex. 7 to Townsend decl. (HEMP 0001982, "prohibited uses"). Pond5 customers, who are granted an unlimited license, could be actively competing directly with Mr. Hempton's own use of his copyrighted works and undermining his tightly-controlled licensing.

PLAINTIFF'S MOTION TO COMPEL - 8

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Plaintiff has also proffered to Pond5 a wave form display analysis of all 86 purchased files and a spectrum analysis of a sample of these files which shows that the files' "audio thumbprints" are exact matches.

In any event, Pond5 is incorrect as a matter of law that Plaintiff must definitively prove his case before he is entitled to the discovery he seeks. The discovery rules simply require that the information be reasonably likely to lead to discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). Notably, courts have upheld plaintiffs' right to send notifications to non-parties of pending intellectual property claims while a matter is pending, *before liability has been established*. *See e.g. On Command Video Corp.*, 764 F. Supp. at 1373 (recognizing that courts routinely uphold good faith notifications to non-parties of pending intellectual property claims, and that such notification is prohibited only where the alleged infringer can demonstrate bad faith by the alleged rights holder); *see also Sony Music Entm't Inc. v. Doe,* 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004)(denying motion to quash subpoena where "Defendants have failed to refute in any way plaintiffs' allegations of ownership.").

**C.  The Safe Harbor Defense Is Irrelevant to the Motion at Bar**

Lastly, Mr. Hempton is entitled to discover the identity of the purchasers and downloaders of his copyrighted works even in the event that this Court agrees with Pond5 that it is entitled to a safe harbor defense pursuant to 17 U.S.C §512(c).  Such a finding would not render discovery of the identity of the end-users moot or indemnify Pond5's customers.  17 U.S.C. § 512(j) ("The following rules shall apply in the case of any application for an injunction under section 502 against a service provider that is not subject to monetary remedies under this section…"). *See also* Section 412-B Nimmer on Copyright § 12B.11 ("the Online Copyright Infringement Liability Limitation Act …creates something that falls slightly short of being a complete exemption… a party who qualifies may still be subject to injunction.").

In fact, Pond5's delay in remedial action undermines its Safe Harbor claim. In order to avail itself of a safe harbor defense, a defendant must demonstrate that they have moved expeditiously to remove the infringing content. The fact that Pond5 has taken no steps to recall the

PLAINTIFF'S MOTION TO COMPEL - 9

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

files of Mr. Hempton's that it sold makes it clear that if such is to be done, it must be done by Mr.

Hempton himself.  Mr. Hempton is entitled to learn where his files have gone so that he might

take steps to ensure that further infringement does not occur.

### IV.    IV. CONCLUSION

For the above reasons, Plaintiff requests that the Court grant the instant Motion to Compel

and order Defendant Pond5 to respond Plaintiff's discovery requests related to the identity and

related documents concerning the Pond5 users who downloaded Mr. Hempton's copyrighted

works.

Signed this 8th day of September 2016.


BRESKIN JOHNSON & TOWNSEND, PLLC

By:  s/ Roger M. Townsend
     Roger M. Townsend, WSBA #25525
     s/ Cynthia J. Heidelberg
     Cynthia J. Heidelberg, WSBA # 44121
     1000 Second Avenue, Suite 3670
     Seattle, WA  98104
     (206) 652-8660 Telephone
     (206) 652-8290 Facsimile
     rtownsend@bjtlegal.com
     cheidelberg@bjtlegal.com

     *Attorneys for Plaintiff*

PLAINTIFF'S MOTION TO COMPEL - 10

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on September 8, 2016, I electronically filed the foregoing document

3  with the Clerk of the Court using the CM/ECF system which will send notification of such filing

4  to all counsel of record.

5                                                   /s/ *Jamie Telegin*
                                                    Jamie Telegin, Legal Assistant
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION TO COMPEL **-** 11

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660