EXHIBIT 4

| | |
|---|---|
| **From:** | Larry Altenbrun |
| **To:** | Roger Townsend |
| **Cc:** | Cindy Heidelberg; nick power; Curt Feig; Jeanette Hendricks; Jamie Telegin; Melissa Vizzare |
| **Subject:** | RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition |
| **Date:** | Monday, March 07, 2016 2:14:03 PM |

Thanks. This confirms our agreement.

**Larry E. Altenbrun**
**Nicoll Black & Feig PLLC**
**1325 Fourth Ave., Suite 1650**
**Seattle, WA 98101**
**P: 206-838-7541**
**C: 206-920-5369**
**F: 206-838-7515**

**Notice:** This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. If the reader or recipient of this communication is not the intended recipient or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.

**From:** Roger Townsend [mailto:rtownsend@bjtlegal.com]
**Sent:** Monday, March 07, 2016 2:07 PM
**To:** Larry Altenbrun
**Cc:** Cindy Heidelberg; nick power; Curt Feig; Jeanette Hendricks; Jamie Telegin; Melissa Vizzare
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Larry:
This is acceptable.

Thanks,
Roger

**From:** Larry Altenbrun [mailto:laltenbrun@nicollblack.com]
**Sent:** Friday, March 04, 2016 2:06 PM
**To:** Roger Townsend <rtownsend@bjtlegal.com>
**Cc:** Cindy Heidelberg <cheidelberg@bjtlegal.com>; nick power <nickedpower@gmail.com>; Curt Feig <cfeig@nicollblack.com>; Jeanette Hendricks <jhendricks@nicollblack.com>
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Roger:

It was a pleasure speaking to you this morning. Pursuant to our conversation, I have amended the proposed agreement to explicitly state that you can ask questions relating to the background of the FRCP 30(b)(6) designee and his knowledge of Pond5's background.

I understand that you are busy today but that you will review this over the weekend or on Monday morning, and will get back to me on Monday. It is important that we finalize an agreement by Monday so that my client and I can make appropriate plans for the March 22 deposition.

Finally, as a precaution, please confirm that you agree to strike the March 11 deposition. Obviously,

we both anticipate finalizing the agreement that we have been discussing, but if for some reason we cannot reach a final agreement, we will need to re-set the date for a FRCP 30(b)(6) deposition to take place in New York (and we will need to conduct a meet and confer regarding the deposition topics). I presume that you are in agreement with this, but I don't want to be in a position where I am forced to file a motion for protective order at the last minute.

Here is the amended proposed agreement:

1. The plaintiff and defendant Pond5 (the "Parties") reach the following agreement for the purposes of facilitating an FRCP 30(b)(6) deposition of defendant that is limited to facts related to Pond5's defense under the Digital Millennium Copyright Act. The Parties understand that Pond5 plans to file a motion for summary judgment on this issue and this agreement is intended to promote case efficiency by allowing the plaintiff to discover facts related to the DMCA defense, limiting other discovery until the court has a reasonable opportunity to rule on the DMCA motion, and not prejudicing either party's right to conduct future discovery on other issues should the motion be denied or a ruling not issued in a timely manner. This agreement also promotes the goal of resolving discovery disputes amicably and without involvement of the court.

2. The Parties agree to hold an FRCP 30(b)(6) deposition in Seattle at the offices of Breskin Johnson & Townsend on Tuesday, March 22, beginning at 9 a.m.

3. The March 22 deposition will be limited to issues associated with topic #25 identified in plaintiff's amended notice of deposition dated February 10, 2016. The Parties understand and agree that facts reasonably related to Pond5's defense under the Digital Millennium Copyright Act (DMCA) will be the subject of this deposition. The parties further understand that the plaintiff is entitled to inquire into the designee's background and his or her personal knowledge of the background of Pond5.

4. Pond5 will supplement its written discovery responses no later than Friday, March 11.

5. From the date of this agreement until June 13, 2016, the parties agree that no further discovery of each other will be conducted, with the exception that Pond5 shall be entitled to submit a set of interrogatories and requests for production, which plaintiff shall answer, respond to, or object to within 45 days.

6. In the event that Pond5's motion is denied or the court has not issued a ruling on the motion by June 13, 2016, discovery will re-commence without limitation.

7. If discovery re-commences, a second FRCP 30(b)(6) deposition of Pond5 shall take place in New York on Wednesday, June 29. Defendant shall provide any objections to the second 30(b)(6) deposition no later than Monday, April 25. Thereafter, the parties shall work in good faith towards resolving any differences before involving the court.

8. Plaintiff's deposition shall take place in Seattle beginning at 9 a.m. on Friday, July 1 at the offices of Nicoll Black & Feig.

9. The Parties do not anticipate that this agreement will result in the need to seek an extension of any case deadlines. However, the Parties specifically acknowledge that this agreement is not intended to prevent either Party from conducting whatever discovery it deems necessary. The Parties will work in good faith to complete discovery within the existing deadlines and, if the circumstances so warrant, will work in good faith to agree upon reasonable extensions of discovery deadlines.

10. The Parties agree to be bound by this agreement so long as counsel for both parties agree to it by email acknowledging approval.

I look forward to hearing from you.

Best Regards,

Larry E. Altenbrun
Nicoll Black & Feig PLLC
1325 Fourth Ave., Suite 1650
Seattle, WA 98101
P: 206-838-7541
C: 206-920-5369
F: 206-838-7515

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. If the reader or recipient of this communication is not the intended recipient or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.

**From:** Roger Townsend [mailto:rtownsend@bjtlegal.com]
**Sent:** Friday, March 04, 2016 10:11 AM
**To:** Larry Altenbrun
**Cc:** Cindy Heidelberg; nick power; Curt Feig; Jeanette Hendricks
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

I will call you shortly

**From:** Larry Altenbrun [mailto:laltenbrun@nicollblack.com]
**Sent:** Friday, March 04, 2016 9:57 AM
**To:** Roger Townsend <rtownsend@bjtlegal.com>
**Cc:** Cindy Heidelberg <cheidelberg@bjtlegal.com>; nick power <nickedpower@gmail.com>; Curt Feig <cfeig@nicollblack.com>; Jeanette Hendricks <jhendricks@nicollblack.com>
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Hi Roger:

Please let me know where we are with this.

Thanks,

Larry

Larry E. Altenbrun
Nicoll Black & Feig PLLC
1325 Fourth Ave., Suite 1650
Seattle, WA 98101
P: 206-838-7541
C: 206-920-5369
F: 206-838-7515

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. If the reader or recipient of this communication is not the intended recipient or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.

**From:** Roger Townsend [mailto:rtownsend@bjtlegal.com]
**Sent:** Thursday, March 03, 2016 11:49 AM
**To:** Larry Altenbrun
**Cc:** Cindy Heidelberg; nick power; Curt Feig; Jeanette Hendricks
**Subject:** Re: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Sure. I will call you. I don't think it should be a problem

Sent from my mobile device

On Mar 3, 2016, at 11:44 AM, Larry Altenbrun <laltenbrun@nicollblack.com> wrote:

> Roger:
>
> Thanks for the email. Unfortunately, your suggested change causes me serious concerns in that it significantly undermines the purpose of our agreement.
>
> Our proposed agreement limits the deposition topics to issues related to the DMCA defense so that we can proceed with this litigation efficiently (knowing that the DMCA defense is the key issue and that an MSJ on the issue would be forthcoming soon), to accommodate your desire to take the deposition in Seattle, and to ensure that your client can take a 30(b)(6) deposition on other topics should his claims survive our

motion. The proposed agreement protects your client by setting a date for a second 30(b)(6) deposition in June.

Under your proposal, you are free to ask about any issue. While I need not prepare the witness to answer questions outside of the listed topic, I will still need to spend a lot of time preparing him to serve as a fact witness for issues unrelated to the 30(b)(6) deposition, which is, I thought, what we were trying to avoid by reaching this agreement in the first place. In any event, I see no reason why you would need to expand the scope of the deposition when we have agreed that only the DMCA issue will be litigated over the next few months and the agreement includes stipulations that protects your client.

I would ask that you reconsider your suggested change. If not, please provide a more detailed explanation as to why, in your view, this is necessary.

Thanks,

Larry

Larry E. Altenbrun
Nicoll Black & Feig PLLC
1325 Fourth Ave., Suite 1650
Seattle, WA 98101
P: 206-838-7541
C: 206-920-5369
F: 206-838-7515

**Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. If the reader or recipient of this communication is not the intended recipient  or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.**

**From:** Roger Townsend [mailto:rtownsend@bjtlegal.com]
**Sent:** Thursday, March 03, 2016 11:02 AM
**To:** Larry Altenbrun
**Cc:** Cindy Heidelberg; nick power; Curt Feig; Jeanette Hendricks
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Ok, but need to change this:

> The March 22 deposition will be limited to issues associated with topic #25 identified in plaintiff's amended notice of deposition dated February 10, 2016. The Parties understand and agree that facts reasonably related to Pond5's defense under the Digital Millennium Copyright Act (DMCA) will be the subject of this deposition.

To

> At the March 22 CR 30(b)(6) deposition of Pond5, the witness will be prepared to testify regarding issues related to topic #25 identified in plaintiff's amended notice of deposition dated February 10, 2016 (i.e.,

facts reasonably related to Pond5's defense under the Digital Millennium Copyright Act (DMCA)).

Larry, my intent here is that I don't want to be prevented from asking any questions. My understanding is that your client will be *prepared* with any facts related to the DMCA defense. However, as with any 30(b)(6) witness, the questioning need not be limited to that subject matter if the witness is able to testify – only that the corporate witness has an obligation to be prepared on the particular topic.

I am available to discuss, as convenient.

---

**From:** Larry Altenbrun [mailto:laltenbrun@nicollblack.com]
**Sent:** Wednesday, March 02, 2016 12:38 PM
**To:** Roger Townsend <rtownsend@bjtlegal.com>
**Cc:** Cindy Heidelberg <cheidelberg@bjtlegal.com>; nick power <nickedpower@gmail.com>; Curt Feig <cfeig@nicollblack.com>; Jeanette Hendricks <jhendricks@nicollblack.com>
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Roger:

My client has confirmed that March 22 will work for the FRCP 30(b)(6) deposition in Seattle. Let's try to quickly finalize the terms of our agreement so that both parties have certainty as we move forward. I have copied proposed revised terms below.

The only significant comment that hasn't been discussed by telephone or email is that I just now noticed your language limiting our Rogs/RFPs to issues related to our DMCA defense. That limitation was not discussed in our telephone call and defeats the purpose of issuing written discovery. Our motion will be filed before you respond to the written discovery and we do not believe that we need this information to proceed with our motion. If we did, we would almost certainly insist on deposing your client before filing our motion. The purpose of allowing us to proceed with a set of written discovery is so that we are prepared to proceed quickly into depositions if discovery re-commences in June. I am, of course, willing to work with you to give you plenty of time to answer our written discovery.

I am certainly willing to discuss any or all of these terms, but I would like to get something finalized today if possible.

Here are the revised proposed terms:

1. The plaintiff and defendant Pond5 (the "Parties") reach the following

agreement for the purposes of facilitating an FRCP 30(b)(6) deposition of defendant that is limited to facts related to Pond5's defense under the Digital Millennium Copyright Act. The Parties understand that Pond5 plans to file a motion for summary judgment on this issue and this agreement is intended to promote case efficiency by allowing the plaintiff to discover facts related to the DMCA defense, limiting other discovery until the court has a reasonable opportunity to rule on the DMCA motion, and not prejudicing either party's right to conduct future discovery on other issues should the motion be denied or a ruling not issued in a timely manner. This agreement also promotes the goal of resolving discovery disputes amicably and without involvement of the court.

2. The Parties agree to hold an FRCP 30(b)(6) deposition in Seattle at the offices of Breskin Johnson & Townsend on Tuesday, March 22, beginning at 9 a.m.

3. The March 22 deposition will be limited to issues associated with topic #25 identified in plaintiff's amended notice of deposition dated February 10, 2016. The Parties understand and agree that facts reasonably related to Pond5's defense under the Digital Millennium Copyright Act (DMCA) will be the subject of this deposition.

4. Pond5 will supplement its written discovery responses no later than Friday, March 11.

5. From the date of this agreement until June 13, 2016, the parties agree that no further discovery of each other will be conducted, with the exception that Pond5 shall be entitled to submit a set of interrogatories and requests for production, which plaintiff shall answer, respond to, or object to within 45 days.

6. In the event that Pond5's motion is denied or the court has not issued a ruling on the motion by June 13, 2016, discovery will re-commence without limitation.

7. If discovery re-commences, a second FRCP 30(b)(6) deposition of Pond5 shall take place in New York on Wednesday, June 29. Defendant shall provide any objections to the second 30(b)(6) deposition no later than Monday, April 25. Thereafter, the parties shall work in good faith towards resolving any differences before involving the court.

8. Plaintiff's deposition shall take place in Seattle beginning at 9 a.m. on Friday, July 1 at the offices of Nicoll Black & Feig.

9. The Parties do not anticipate that this agreement will result in the need to seek an extension of any case deadlines. However, the Parties specifically acknowledge that this agreement is not intended to prevent either Party from conducting whatever discovery it deems necessary. The Parties will work in good faith to complete discovery within the existing deadlines and, if the circumstances so warrant, will work in good faith to agree upon reasonable extensions of discovery deadlines.

10. The Parties agree to be bound by this agreement so long as counsel for both parties agree to it by email acknowledging approval.

I look forward to hearing from you. If it is easier for you, feel free to call me if you want to discuss any of these terms.

Best Regards,

Larry E. Altenbrun
Nicoll Black & Feig PLLC
1325 Fourth Ave., Suite 1650
Seattle, WA 98101
P: 206-838-7541
C: 206-920-5369
F: 206-838-7515

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. If the reader or recipient of this communication is not the intended recipient  or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.

**From:** Roger Townsend [mailto:rtownsend@bjtlegal.com]
**Sent:** Tuesday, March 01, 2016 12:05 PM
**To:** Larry Altenbrun
**Cc:** Cindy Heidelberg; nick power; Curt Feig; Jeanette Hendricks
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Larry:
I believe we can work around this.  I will check with my client regarding availability the

next week, but it looks like Monday and Friday are our best options (i.e., the 14th or 18th).  I will follow up later today or tomorrow.

Thanks,
Roger

---

**From:** Larry Altenbrun [mailto:laltenbrun@nicollblack.com]
**Sent:** Tuesday, March 01, 2016 9:01 AM
**To:** Roger Townsend <rtownsend@bjtlegal.com>
**Cc:** Cindy Heidelberg <cheidelberg@bjtlegal.com>; nick power <nickedpower@gmail.com>; Curt Feig <cfeig@nicollblack.com>; Jeanette Hendricks <jhendricks@nicollblack.com>
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Hi Roger:

Let's see if we can get this finalized today. Your proposal seems fine to me, with the following exceptions:

1. Your June 3 date for re-commencement of discovery seems a bit early. I previously proposed June 20. I propose that we compromise on Monday, June 13. Will that work?
2. You propose a March 11 30(b)(6) deposition followed by a 2-day 30(b)(6) deposition in June. FRCP 30(d)(1) limits the deposition to 1 day of 7 hours. We are, as you know, willing to allow for a second deposition. But the June deposition needs to be limited to a single day. Please let us know which day in June (29th or 30th) that you prefer.

I look forward to hearing from you. I am working until about 11 and then I'll be traveling for much of the day. I will do my best to check email while en route.

Thanks,

Larry

**Larry E. Altenbrun**
**Nicoll Black & Feig PLLC**
**1325 Fourth Ave., Suite 1650**
**Seattle, WA 98101**
**P: 206-838-7541**
**C: 206-920-5369**
**F: 206-838-7515**

**Notice:** This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. If the reader or recipient of this communication is not the intended recipient  or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.

**From:** Roger Townsend [mailto:rtownsend@bjtlegal.com]
**Sent:** Monday, February 29, 2016 10:32 AM
**To:** Larry Altenbrun
**Cc:** Cindy Heidelberg; nick power; Curt Feig; Jeanette Hendricks; Roger Townsend
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Larry:

I dropped your proposal into a Word document and redlined so you could see our proposed changes.

Happy to discuss.

Roger

**From:** Larry Altenbrun [mailto:laltenbrun@nicollblack.com]
**Sent:** Friday, February 26, 2016 1:58 PM
**To:** Roger Townsend <rtownsend@bjtlegal.com>
**Cc:** Cindy Heidelberg <cheidelberg@bjtlegal.com>; nick power <nickedpower@gmail.com>; Curt Feig <cfeig@nicollblack.com>; Jeanette Hendricks <jhendricks@nicollblack.com>
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Dear Roger:

I write to address the issues associated with the FRCP 30(b)(6) deposition that is currently noted for March 10 and 11. As discussed in our FRCP 37 conference on Tuesday, you will agree to take this deposition in New York but will not agree to limit the scope of the deposition to issues related to our DMCA defense. Alternatively, we discussed the possibility of conducting a deposition that would be limited to the DMCA defense, subject to the deposition taking place in Seattle and our agreement to allow for a second 30(b)(6) deposition to take place in June in New York. I informed you that I would discuss the alternative plan with my clients and, if they approved the general parameters, would make a specific proposal to you. I am pleased to report that my clients have agreed in principle to the alternative plan. Thus, this email presents a specific proposal. I note that, because we are considering this alternative plan, we have not yet discussed our specific objections to individual topics identified in your FRCP 30(b)(6) deposition notice. If we are unable to reach an agreement on the proposal to take the limited 30(b)(6) deposition in Seattle, it will be necessary for us to conduct another Rule 37 conference to raise our objections to some of the specific topics identified in your deposition notice.

Below are the proposed terms:

1. The plaintiff and defendant Pond5 (the "Parties") reach the following agreement for the purposes of facilitating an FRCP 30(b)(6) deposition of defendant that is limited to facts related to Pond5's defense under the Digital Millennium Copyright Act. The Parties understand that Pond5 plans to file a motion for summary judgment on this issue and this agreement is intended to promote case efficiency by allowing the plaintiff to discover facts related to the DMCA defense, limiting other discovery until the court has a reasonable opportunity to rule on the DMCA motion, and not prejudicing either party's right to conduct future discovery on other issues should the motion be denied or a ruling not issued in a timely manner. This agreement also promotes the goal of resolving discovery disputes amicably and without involvement of the court.

2. The Parties agree to hold an FRCP 30(b)(6) deposition in Seattle at the offices of Nicoll Black & Feig on Friday, March 11, beginning at 9 a.m.

3. The March 11 deposition will be limited to issues associated with topic #25 identified in plaintiff's amended notice of deposition dated February 10, 2016. The Parties understand and agree that facts reasonably related to Pond5's defense under the Digital Millennium Copyright Act will be the subject of this deposition.

4. Pond5 will supplement its written discovery responses no later than Friday, March 4.

5. From the date of this agreement until June 20, 2016, the parties agree that no further discovery will be permitted, with the exception that Pond5 shall be entitled to submit a set of interrogatories and requests for production, which plaintiff shall answer, respond to, or object to within 45 days.

6. In the event that Pond5's motion is denied or the court has not issued a ruling on the motion by June 20, 2016, discovery will re-commence without limitation on June 20, 2016.

7. If discovery re-commences, a second FRCP 30(b)(6) deposition of Pond5 shall take place in New York on Wednesday, June 29. Plaintiff shall designate topics for the second 30(b)(6) deposition no later than Monday, May 30 and Pond5 shall set forth its objections to those topics, in writing, no later than Monday, June 6. Thereafter, the parties shall work in good faith towards resolving any differences before involving the court.

8. Plaintiff's deposition shall take place in Seattle beginning at 9 a.m. on Wednesday, July 13 at the offices of Breskin Johnson & Townsend.

9. The Parties do not anticipate that this agreement will result in the need to seek an extension of any case deadlines. However, the Parties specifically acknowledge that this agreement is not intended to prevent either Party from conducting whatever discovery it deems necessary. The Parties will work in good faith to complete discovery within the existing deadlines and, if the circumstances so warrant, will work in good faith to agree upon reasonable extensions of discovery deadlines.

10. The Parties will file a stipulation with the court memorializing this agreement. Plaintiff's counsel shall prepare the stipulation, subject to review and approval from Pond5's counsel.

11. The Parties agree to be bound by this agreement so long as counsel for both parties agree to it by email acknowledging approval.

I am confident that the above-proposed agreement complies with the general parameters that we discussed in our telephone conversation, although I fully appreciate that some of the details may need to be discussed further. Please look this over and get back to me at your earliest convenience. It is important that we finalize our agreement quickly in order to accommodate the proposed March 9 deposition.

Best Regards,

Larry

Larry E. Altenbrun
Nicoll Black & Feig PLLC
1325 Fourth Ave., Suite 1650
Seattle, WA 98101
P: 206-838-7541
C: 206-920-5369
F: 206-838-7515

**Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. If the reader or recipient of this communication is not the intended recipient or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.**

---

**From:** Roger Townsend [mailto:rtownsend@bjtlegal.com]
**Sent:** Thursday, February 25, 2016 9:22 AM
**To:** Curt Feig
**Cc:** Larry Altenbrun; Cindy Heidelberg; nick power
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Larry:

Please let me know where we stand with your client's 30(b)(6) deposition. Just to recap our proposal:

1. You would make your client available in Seattle on March 11 (if it needs to be the 14th, that's ok too) for the 30(b)(6) topics about which you intend to move for summary judgment. You will have produced documents relevant to the deposition at least one week prior to the deposition.
2. We would set mutually agreeable dates certain in June for the remaining topics of the 30(b)(6) deposition to be taken in NYC.
3. You would move for summary judgment on those topics.
4. If the case is dismissed before June 1, then the deposition would not go forward. If no ruling is made by that date, then the deposition would go forward.
5. We would put this in a stipulation to be filed with the court.
6. You would not conduct depositions before June 1 on topics other than what you moved for summary judgment on. You would be free to go forward with interrogatories and RFPs.

Please advise whether this is acceptable to your client.

Thank you for working through this with me on the phone. Please let me know if I have missed any details or misrepresented the proposal.

Roger

---

**From:** Curt Feig [mailto:cfeig@nicollblack.com]
**Sent:** Friday, February 19, 2016 1:50 PM
**To:** Roger Townsend <rtownsend@bjtlegal.com>
**Cc:** Larry Altenbrun <laltenbrun@nicollblack.com>
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Dial 206.258.3865.  The conference access code is 0152340 followed by the # sign.

| <image001.jpg> | **Curt H. Feig**<br>**Nicoll Black & Feig, PLLC**<br>**1325 4th Ave, Ste 1650, Seattle, WA 98101**<br>**Direct Tel: (206) 838-7543     Fax: (206) 838-7515** |
|---|---|

*The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If you think that you have received this e-mail message in error, please contact the sender and delete the original message immediately.*

*Nicoll Black & Feig*

---

**From:** Roger Townsend [mailto:rtownsend@bjtlegal.com]
**Sent:** Friday, February 19, 2016 1:33 PM
**To:** Curt Feig
**Subject:** RE: Hempton v. Pond5 - Notice of 30(b)(6) Deposition

Do you have a conference bridge for this?

-----Original Appointment-----
**From:** Curt Feig [mailto:cfeig@nicollblack.com]
**Sent:** Friday, February 19, 2016 1:24 PM
**To:** Roger Townsend
**Subject:** Accepted: Hempton v. Pond5 - Notice of 30(b)(6) Deposition
**When:** Tuesday, February 23, 2016 10:30 AM-11:00 AM (UTC-08:00) Pacific Time (US & Canada).
**Where:**