**THE HONORABLE BARBARA J. ROTHSTEIN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GORDON HEMPTON,<br><br>              Plaintiff,<br><br>       v.<br><br>POND5, INC., A DELAWARE CORPORATION; AND POND5 USER CKENNEDY342, A CORPORATION OR INDIVIDUAL OF TYPE UNKNOWN,<br><br>              Defendants. | No.:   3:15-cv-05696-BJL<br><br>**THIRD DECLARATION OF THOMAS CRARY** |

I, Thomas Crary, declare and state as follows:

I am over the age of 18 and am competent to testify to the matters set forth herein. I am the Chief Financial Officer of Pond5, Inc. ("Pond5"). I submit this Declaration in Support of Pond5's Oppositions to Plaintiff's Motion to Compel Complete Discovery Responses Regarding Pond5 Customers Who Downloaded Plaintiff's Copyrighted Works and Plaintiff's Motion for Leave to Amend Complaint.

1.     I have signed the verification pages to Pond5's answers to interrogatories in this case. With respect to the questions, such as Interrogatory No. 1, that specifically relate to works that are owned by the plaintiff and were downloaded from www.pond5.com, our answers have truthfully and consistently stated that we do not yet know what files fit this description. The plaintiff's motion to compel seems to suggest that our answers to these Interrogatories are

THIRD DECLARATION OF THOMAS CRARY - 1
(3:15-cv-05696 BJR)

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE
SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

intended to avoid our responsibilities in discovery and an attempt to force the plaintiff to "conclusively prove" his case. These statements in his motion are not true. The truth is that we simply have not yet reached conclusions as to what files that were owned by the plaintiff were downloaded from pond5.com.

2. Shortly after the complaint was filed, Pond5 engaged in efforts to settle this litigation. As part of those efforts, on November 2, 2015, I emailed the plaintiff a copy of a detailed spreadsheet. The spreadsheet included a tremendous amount of data and information related to Pond5's efforts to investigate user ckennedy342. The spreadsheet included four tabs, which are discussed in more detail below. I provided the spreadsheet to the plaintiff as an Excel spreadsheet so that he could search it, re-order it, and analyze it in whatever manner he saw fit.

3. Attached hereto as Exhibit 1 is a true and correct copy of Tab 1 of the spreadsheet referenced above. Tab 1 was titled "Summary Facts."

4. Attached hereto as Exhibit 2 is a true and correct copy of an excerpt from Tab 2 of the spreadsheet referenced above. Tab 2 was titled "Only Sold Items" and it listed every file that was uploaded by ckennedy342 where at least one license had been purchased. Among other information, the spreadsheet shows the object identification number that Pond5 attached to it, the title of the file, the number of sales, the amount of revenue earned, the keywords associated with the file, and the duration of the file in milliseconds.

5. Attached hereto as Exhibit 3 is a true and correct copy of an excerpt from Tab 3 of the spreadsheet referenced above. Tab 3 was titled "All Items" and it listed every file that was uploaded by ckennedy342, without regard to whether there were any sales. Among other information, the spreadsheet shows the object identification number that Pond5 attached to it, the title of the file, the number of sales, the amount of revenue earned, the keywords associated with the file, and the duration of the file in milliseconds. This tab provided data for all 10,000-plus files uploaded by ckennedy342.

THIRD DECLARATION OF THOMAS CRARY - 2
(3:15-cv-05696 BJR)

LAW OFFICES OF
NICOLL BLACK & FEIG PLLC
1325 FOURTH AVENUE
SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

6. Attached hereto as Exhibit 4 is a true and correct copy of Tab 4 of the spreadsheet referenced above. Tab 4 was titled "Fraudster ID." It includes various information and data that we learned during the course of our investigation of user ckennedy342.

7. I provided the referenced spreadsheet to the plaintiff because, as part of our discussions, he expressed to me that he wanted to be able to identify precisely what files had been uploaded by ckennedy342 that were owned by him. During the course of our discussions, Mr. Hempton told me that he would examine the spreadsheet and inform me which tracks he believe had been uploaded by ckennedy342 that were owned by him. Unfortunately, he never provided me with this information.

8. In January 2016, when Pond5 responded to plaintiff's discovery requests, the plaintiff had not provided Pond5 with copies of any audio files that were owned by him. As such, there was no way for Pond5 to conduct our own analysis of whether any tracks uploaded by ckennedy342 were actually owned by Mr. Hempton.

9. In February 2016, our attorneys sent us a copy of the 69 audio files that Mr. Hempton disclosed. Pond5 examined samples of those 69 files in effort to compare them to those uploaded by ckennedy342. We found no matches.

10. In July 2016, our attorneys sent us a copy of a table that listed 87 file names. I understand that the table had been provided by the plaintiff's attorneys and was represented to consist of files uploaded by ckennedy that were owned by the plaintiff and had at least one sale. Pond5 compared the titles listed to the titles from the plaintiff's February disclosure and found that there were no matches. Pond5 also sampled a portion of the files and compared them to the audio that plaintiff disclosed in February and, again, found no matches.

11. Pond5 obtained a copy of the Declaration of Gordon Hempton that is dated August 5, 2016. We analyzed the declaration and found significant evidence of unreliability.

12. Pond5 is in receipt of a massive volume of audio files that we received from our

THIRD DECLARATION OF THOMAS CRARY - 3
(3:15-cv-05696 BJR)

LAW OFFICES OF
NICOLL BLACK & FEIG PLLC
1325 FOURTH AVENUE
SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

1  attorneys late last month. I understand that these are files produced in this matter by the plaintiff.
2  There are over 1,400 audio files. We have begun an analysis of those files and our investigation
3  is continuing.

4        13.    Pond5 is entitled to investigate whether files owned by the plaintiff were
5  downloaded from its marketplace. In my opinion, this is especially important because the
6  potential of disclosure of our customers could be very damaging to Pond5, due to the plaintiff's
7  delays in providing audio files to Pond5, and due to his constantly changing position on what
8  files were infringing.

9        14.    Plaintiff's actions in not disclosing the recent registrations and pervasive delays in
10 disclosing the audio files increase Pond5's suspicions and increase the importance that Pond5
11 places in conducting its own, independent, thorough review of the audio files produced.

12       15.    The success of Pond5 relies heavily upon its reputation among the artists that
13 comprise most of its contributors and many of its customers. Disclosure of customer lists will
14 damage Pond5's reputation. Pond5 believes that threats of litigation or actual litigation against
15 customers that downloaded works from pond5.com without any knowledge whatsoever that such
16 downloads were infringing, could have a devastating impact on our reputation and, in turn, our
17 business. Pond5 believes that, at the very least, we should be entitled to conduct a thorough
18 investigation of the files that plaintiff contends are infringing and the files that plaintiff contends
19 were infringed upon before we should be required to disclose the names of any of its customers.
20 Pond5 has not yet reached any conclusions as to the identity of customers that downloaded tracks
21 owned by the plaintiff. Our investigation is continuing.

22     I declare under penalty of perjury under the laws of the United States that the foregoing is
23 true and correct, and that this Declaration was executed on September 19, 2016, at New York,
24 New York.

_____
Thomas Crary

THIRD DECLARATION OF THOMAS CRARY - 4
(3:15-cv-05696 BJR)

LAW OFFICES OF
NICOLL BLACK & FEIG PLLC
1325 FOURTH AVENUE
SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/CF system which will send notification of such filing to the following:

>Cynthia J. Heidelberg
>BRESKIN JOHNSON & TOWNSEND PLLC
>1000 Second Avenue, Suite 3670
>Seattle, WA 98104
>206-652-8660
>Email: cheidelberg@bjtlegal.com
>
>Nicholas E. D. Power
>LAW OFFICEOF NICHOLAS POWER
>540 Guard St., Ste 140
>Friday Harbor, WA 98250
>360-298-0464
>Email: nickedpower@gmail.com
>
>Roger M. Townsend
>BRESKIN JOHNSON & TOWNSEND PLLC
>1000 Second Avenue, Suite 3670
>Seattle, WA 98104
>206-652-8660
>Fax: 206-652-8290
>Email: rtownsend@bjtlegal.com

DATED this 19th day of September, 2016.

/s/ Larry E. Altenbrun
Larry E. Altenbrun, WSBA #31475

THIRD DECLARATION OF THOMAS CRARY - 5
(3:15-cv-05696 BJR)

LAW OFFICES OF
NICOLL BLACK & FEIG PLLC
1325 FOURTH AVENUE
SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555