THE HONORABLE BARBARA J. ROTHSTEIN

1

2

3

4

5

6

7

8

**U.S DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA**

9

10

GORDON HEMPTON,

NO. 3:15-cv-05696-BJR

11

               Plaintiff,

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION FOR LEAVE TO AMEND**
**COMPLAINT**

12

13

v.

14

POND5 , INC., A DELAWARE
CORPORATION; AND POND5  USER
CKENNEDY342, A CORPORATION OR
INDIVIDUAL OF TYPE UNKNOWN,

15

NOTE ON MOTION CALENDAR:
September 23, 2016

16

17

               Defendants.

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO AMEND COMPLAINT - i

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## I.     REPLY

Pursuant to Fed. R. Civ. P. 15(a)(2) and 16(b)(4), Plaintiff Hempton moves for leave to file a First Amended Complaint.  Plaintiff requests that his motion for leave to add unknown persons or entities ("John Does") who have purchased or downloaded his copyrighted works from Defendant Pond5's website be granted.  There is a good cause for modifying the Court's scheduling order regarding the deadline to join additional parties, Plaintiff has not been dilatory in seeking to amend, and Pond5 will not be prejudiced by the amendment.

### A.  Plaintiff Has Not Been Dilatory In Seeking to Amend

Pond5 confirmed in its August 25, 2016 30(b)(6) deposition that it has made no efforts to contact its customers who downloaded ckennedy's infringing works, nor made any effort to recall the infringing works. *See* Crary dep. at 224-228, ex. 1 to Townsend decl., dkt 37.

Pond5 argues in its Opposition that it had already told Plaintiff in discovery responses in January and then March that Pond5 had made no efforts to contact customers or recall Mr. Hempton's works. Opp. at 5. By joint stipulation, however, the parties had agreed to limit discovery to the safe harbor issue between March and July 2016, and by joint stipulation, the parties set a 30(b)(6) deposition of Pond5 for late summer after discovery had resumed. Thus, Plaintiff – by Pond5's agreement – had *no occasion* prior to the August 25 deposition to question Pond5 about the content of its discovery responses and to confirm that Pond5 not only *had not* contacted its customers or attempted to recall Mr. Hempton's content, but had no imminent plans to do so. Further, filing the instant motion for leave to amend and the accompanying discovery motion (to compel the identities of the John Does) during the period of the stipulation would have violated the terms and purpose of that stipulation, which was to attempt to resolve the matter in settlement and resolve Pond5's safe harbor affirmative defense before both parties began to expend the resources of litigating the case in full. *See* March 2016 stipulation, Townsend decl. dkt. 37, ex. 4.[1]  Pond5 cannot claim that Plaintiff has been "dilatory" in taking action on its discovery,

---

[1] Had Plaintiff filed this motion in March, there is no doubt that Pond5 would have protested and argued that it is premature to add defendants on liability before the issue of its safe harbor affirmative defense has been briefed and resolved.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO AMEND COMPLAINT - 1

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    when Pond5 stipulated to the timing and order of that discovery.

2          From this August 25 deposition, Plaintiff confirmed that he would need to pursue

3    contacting and getting recourse and relief from the customers directly. Crucially, Plaintiff also

4    confirmed in the August 25 deposition that Pond5 does not indemnify or hold harmless its

5    customers in these situations. Crary dep., ex. 1 to Townsend decl., dkt 37, at 218. Thus, to get

6    complete relief for the initial infringement and any continuing infringements, Plaintiff would need

7    to include the customers in this action, or at the very least, obtain their identities and contact

8    information and seek recourse from them directly. Within two weeks of the deposition, he filed

9    the instant motion for leave to amend. Plaintiff has not been dilatory.

10         **B.  Pond5 Will Not Be Prejudiced By the Amendment**

11         Pond5 will not be prejudiced by the amendment, largely because the amendment has

12   become necessary due directly to Pond5's actions and policies. Had Pond5 promptly and

13   diligently contacted its customers and attempted to recall the infringing content and minimize

14   continuing damages to Mr. Hempton's copyrights, Plaintiff may not have needed to go after the

15   customers directly. Pond5 has not done so *to preserve its reputation* (as it openly acknowledges in

16   its Opposition to Plaintiff's Motion to Compel, dkt. 39), without regard for the damage to Mr.

17   Hempton's copyrights and reputation.

18         Moreover, given that Pond5 has adamantly insisted that it does not indemnify or hold

19   harmless its customers in a situation like this, even though they may have been unwitting

20   consumers, Plaintiff has no choice but to include all parties in this litigation who are necessary for

21   full and complete relief.  Should Plaintiff prevail on liability, Pond5 will no doubt point to this

22   policy as a defense to damages, and argue that it is not liable for and should not have to

23   compensate Plaintiff for any subsequent infringement by its customers. Pond5 admits in its

24   Opposition that the customers are crucial parties, stating that "[s]uch litigation will also likely

25   bring cross-claims against Pond5 and responsive cross-claims by Pond5." Opp. at 6.  This is

26   Pond5's own legal and policy decision, and it cannot protest the logical consequences of that

27   decision.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO AMEND COMPLAINT - 2

1   Plaintiff, Pond5, and Pond5's customers will litigate this matter regardless of the outcome

2   of the present motion. Pond5's customers will either be included in the present caption or in a

3   subsequently filed John Doe action.  There is no claim that the statute of limitations has expired

4   and, should Pond5 prevail on the present motion, the next step will likely to be to file a new

5   action, seek leave to conduct discovery, seek discovery from Pond5, meet and confer, move to

6   compel, and subsequently name the individuals in that action when Pond5 is ultimately required to

7   identify them.  If Pond5 is able to defeat the present motion for leave to amend, then the outcome

8   will only be delay and increased legal fees.  The issue is whether the claims against individual

9   Pond5 customers can proceed here in a case that is already moving along where the both parties

10  have already appeared and are actively litigating, or in a new case that would start over with a new

11  calendar or that could be consolidated with the present matter.

12      It is in the interest of efficient adjudication of the claims against Pond5 customers to grant

13  the motion for leave to amend.  Any arguments regarding the merits of those claims can be timely

14  litigated by the defendants.  Neither Pond5 nor its customers will be waiving any defenses by

15  virtue of granting the present motion for leave to amend.

16                          **II.     CONCLUSION**

17      Motions for leave to amend are freely granted for a reason.  In the present matter, Plaintiff

18  has diligently pursued his claims and, in the course of litigation, Pond5's litigation strategy has

19  necessitated Plaintiff naming Pond5's customers.  The only issue is whether that litigation should

20  occur in the present action or in a new filing. Moreover, any new filing would likely be

21  consolidated with the present matter.  It is in the interest of efficient and full adjudication of the

22  disputes arising out of and related to the sale of Mr. Hempton's works to assess, handle, and

23  resolve them in a single caption.

24      For the above reasons, Plaintiff requests that the Court grant Plaintiff's motion for leave to

25  amend his Complaint.

26

27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO AMEND COMPLAINT - 3

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

2        Signed this 23rd day of September 2016.

3                                            BRESKIN JOHNSON & TOWNSEND, PLLC

4

5                                            By:  *s/ Roger M. Townsend*
                                                  Roger M. Townsend, WSBA #25525
6                                                 *s/ Cynthia J. Heidelberg*
                                                  Cynthia J. Heidelberg, WSBA # 44121
7                                                 1000 Second Avenue, Suite 3670
                                                  Seattle, WA  98104
8                                                 (206) 652-8660 Telephone
                                                  (206) 652-8290 Facsimile
9                                                 rtownsend@bjtlegal.com
                                                  cheidelberg@bjtlegal.com
10

11                                                *s/ Nicholas Power*
                                                  Nicholas Power, WSBA # 45974
12                                                The Law Office of Nicholas Power
                                                  540 Guard Street, Suite 150
13                                                Friday Harbor, WA 98250
                                                  360-298-0464
14                                                nickedpower@gmail.com
                                                  *Attorneys for Plaintiff*
15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO AMEND COMPLAINT - 4

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Jamie Telegin*
Jamie Telegin, Legal Assistant

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO AMEND COMPLAINT - 5

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660