THE HONORABLE BARBARA J. ROTHSTEIN

U.S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA

| | |
|---|---|
| Gordon Hempton,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>Pond5 , Inc., a Delaware Corporation; and Pond5 user ckennedy342, a corporation or individual of type unknown,<br><br>　　　　　　　　Defendants. | NO. 3:15-cv-05696-BJR<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL**<br><br>Note on Motion Calendar:<br>September 23, 2016 |

## I. REPLY

Defendant Pond5 does not provide any compelling reasons in its Opposition why Plaintiff's Motion to Compel should not be granted. In its Opposition, Pond5 attempts to distract from the undisputed facts at the core of Plaintiff's motion: Plaintiff has presented overwhelming proof that ckennedy342 uploaded and Pond5 offered for sale Mr. Hempton's copyrighted works, and Plaintiff is entitled, under the liberal discovery standards of Fed.R.Civ.P. 26, to information from Pond5 regarding the identity of the Pond5 customers who downloaded and purchased the infringing works. Pond5 attempts to parse the words of Plaintiff's discovery requests, manufacture a failure to meet and confer, and ascribe to Plaintiff – without evidence – some sort of improper motive in not reaching final conclusions sooner about each of the 655 particular files which were infringed.  Pond5's opposition relies almost exclusively on an alleged failure of Mr. Hempton to respond to his discovery obligations, an assertion that Mr. Hempton disputes.  Even, assuming *arguendo*, that Mr. Hempton had delayed producing discovery in the form that was convenient to Pond5, it is undisputed that Mr. Hempton has now produced all 655 files in the short form that Pond5 requested and a list comparing, title-by-title, his files to the infringing ckennedy files. Yet Pond5 proffers no distinguishing characteristics between the ckennedy files that Pond5 distributed to end users and Mr. Hempton's Quiet Planet files.  The files are identical.  If Pond5 seriously disputed this contention, it would identify the ways in which the files sounded different, had different names, had different lengths, or some other way in which any of the files had sufficient distinguishing characteristics that they may not be copies of Mr. Hempton's works.

Nor does Pond5 persuasively argue that the information is not relevant to Plaintiff's claims. Instead, at the core of its opposition is potential reputational harm. Pond5 is concerned that its reputation will be harmed if word of the infringement gets out to its customers, as it perhaps should be. Pond5 allowed a repeat pirate to upload more than 10,000 files, including hundreds of Plaintiff's files, and sold them to unwitting customers, after which Pond5 – to date –has failed to

notify the customers that there is a potential infringement[1] or to otherwise mitigate the damages.

## II. LEGAL ARGUMENTS

### A. The Parties Have Met and Conferred on All Topics

The parties have met and conferred on all topics. The requests at issue ask Pond5 to 1) identify the customers who downloaded Mr. Hempton's copyrighted works (ROG no. 1); 2) provide a complete accounting of the download and purchase history (RFP no. 3); and provide all documents and information received by Pond5 from the customers who downloaded Mr. Hempton's works (RFP no. 7).[2] Each of these requests is interrelated and makes up Plaintiff's general request that Pond5 "identify" the customers who downloaded Mr. Hempton's work. In the parties' numerous discussions about Plaintiff's requests, it has been clear that Plaintiff seeks not only the customers' names – which alone would be meaningless – but also the records Pond5 has regarding those customers, including their contact information and the purchase and download history of the infringed files. Indeed, during the July 19th telephonic meet and confer, Pond5's counsel offered to produce the collateral information about the downloads (date of download, how many times the work had been downloaded, etc.), which is the information sought in RFP no.3, but not the identities of its customers. *See* Townsend decl. ¶ 1. The parties further conferred on the scope of the present motion in collaborating on a joint statement regarding the scope of the motion prior to the scheduled telephonic hearing with the Court on September 8, 2016. *Id.* at ¶ 2. The parties also discussed the requests at Mr. Hempton's deposition, when the court had initially scheduled a telephonic hearing regarding this issue. *Id.* Pond5 clearly understood the full scope of the requests, but has not produced any information or documents.

Regardless, it is clear that the parties dispute the issue, that Pond5 refuses to respond to any of the three requests in any meaningful way, and that court intervention is necessary.

---

[1] Pond5 has failed to notify its customers of the potential infringement by ckennedy342 even though it has notified customers of infringement in other similar situations. *See* Townsend decl. dkt. 34, ex. 8.

[2] RFP no. 16 asked Pond5 to produce all documents related to attempts by Pond5 to contact customers who downloaded Mr. Hempton's works. Pond5 admits in its Opposition that its initial response remains true – no attempts have been made. Accordingly, Plaintiff withdraws his request for an order compelling a response to this request.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Notably, Pond5 does not offer a single concession to its refusal to produce any information related to the downloads of Mr. Hempton's files by Pond5 customers.

### B. The Motion is Not Premature

Pond5 spends a large portion of its motion dwelling in the past: on past discussions between the parties, past discovery responses, etc. But Plaintiff's motion focuses on the *current* record and on what is required, based on the current record, to 1) move the case forward as the spring 2017 trial date approaches, and 2) learn the identities of the infringers, evaluate damages, and mitigate the continuing damages now that Pond5 has admitted, on August 25, 2016, that it has made no efforts to contact the customers or mitigate any continuing damages. *See* dkt. 37, ex. 1.

In its Opposition, Pond5 does not dispute the current record, which is that Plaintiff has proffered overwhelming evidence that 655 of his files were uploaded by ckennedy342 and offered for sale on Pond5, resulting in sales of 86 tracks being purchased and downloaded 146 times. *See* Hempton decl., dkt. 35. An unknown number of "evaluation copies" were also downloaded. *Id.*

Pond5, a well-funded and sophisticated media company, states that it needs more time to conduct a full analysis, but has no substantive response to Mr. Hempton's proffer of proof. Pond5 has now had possession of Mr. Hempton's library of compilations for more than six months, Mr. Hempton's Quiet Planet library of smaller clips for more than six weeks, and a list which identifies each infringing track and the corresponding Hempton file name, for more than two months. *See* Opp. at 5. Pond5 admits that it began an analysis of the files when it received them in August. *Id.* at 6. Yet Pond5 was unable, in opposition to Plaintiff's motion, to point to *any* inaccuracies in Mr. Hempton's conclusions or to even *a single file* that is not in fact Plaintiff's.

Pond5 asks this Court to wait to compel it to produce the customer records until it has completed its analysis, but Pond5 fails to provide an estimate of when that would be, why it would take so long to compare short sound clips, or what Pond5 intends to do (or has done) to compare the files. Pond5's "has not had time" to complete its analysis because it does not *want* to, and because it knows what the conclusion will be: that the files ckennedy uploaded and Pond5 offered for sale are Mr. Hempton's. At this juncture, Pond5's reliance on plausible deniability is stale.

There is no legitimate dispute about the identical nature of the content. This motion is not premature.³ In any event, this is a motion to compel and not a motion for summary judgment. Neither the customers nor Pond5 will be waiving any defenses simply because Pond5 has identified them. Each will be able to argue liability, including that the files do not in fact match.

### C. The Requests are Relevant

Pond5 *admits* that the information requested is relevant to the issue of actual damages. Opp. at 11. In an attempt to minimize this clear relevance, Pond5 attempts to unilaterally limit and characterize Plaintiff's case, arguing that Plaintiff is not likely to "forego statutory damages and seek actual damages" or to argue that actual usage has "diminished the value of his works." *Id.* But it is not up to Defendant to design Plaintiff's case, and Plaintiff is entitled under the Copyright Act to choose which measure of damages to seek at *any time before judgment*. 17 U.S.C. § 504(c)(1). Plaintiff is entitled to information relevant to the issue of actual damages, in large part, so that he may investigate the scope of those damages. Pond5 also asserts that the information is not relevant because if the files "had actually been used in some way" that harmed Plaintiff, "he would know about it." *Id.* The argument is absurd on its face; plaintiff is not omniscient and cannot possibly know all of the possible situations in which the 146 *worldwide, unlimited* licenses could have been distributed without any information about who those customers are.

### D. The Requests are Proportionate and Not Burdensome

Lastly, Pond5 has made no showing that proportionality or burden is an issue. Pond5 argues that under the new Rule 26, plaintiffs have no entitlement to discovery to help develop new claims that are not already in the pleadings. But as discussed above, Plaintiff has established that the information is directly relevant and essential to Plaintiff's *current* claims, most notably to his actual damages, and that Plaintiff cannot obtain the information elsewhere. Plaintiff has also

---

³ Pond5 cites to alleged "pervasive delays" by Plaintiff in producing his sound files and a final inventory of infringed tracks. This is a red herring. Plaintiff has not failed to respond to any discovery requests or otherwise been dilatory in its obligations under the rules. In addition, Plaintiff did not receive ckennedy342's sound files, necessary for comparison, until late April. After the parties' stipulation limiting discovery expired in late June, Plaintiff diligently conducted and finalized his analysis, proffered evidence to Pond5, and undertook efforts to resolve this discovery dispute without having to file a motion to compel.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO COMPEL - 4

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

established that the discovery is necessary to mitigate his damages and prevent any further infringement, given that Pond5 has not made any efforts to contact its customers or recall his works. *See* Fed.R.Civ.P. 26(b)(1) (proportionality considers needs of the case, parties' relative access to relevant information, and the importance of the discovery in resolving the issues).[4]

The burden of assessing proportionality is a shared one, *In re Bard Ivc Filters Prods. Liab. Litig.,* 2016 U.S. Dist. LEXIS 126448 (D. Ariz. 2016) (citing Rule 26, Advis. Comm. Notes for 2015 Amends), and Plaintiff has satisfied his end of the deal. Plaintiff has explained "the ways in which the underlying information bears on the issues as the party understands them." Rule 26, Advis. Comm. Notes for 2015 Amends. Pond5 has not met its reciprocal burden, as the party with access to the information, of demonstrating – or even alleging— that producing the information would be expensive or time consuming.  In fact, the evidence is undisputed that responsive information can be readily produced by Pond5. Instead, Pond5 argues only that the "burden" on Pond5 is great because its reputation would be harmed by production of its customer list.  But "burden" in Rule 26 refers to the time and expense of production, not alleged speculative harm. *See e.g. Elkharwily v. Franciscan Health Sys*., 2016 U.S. Dist. LEXIS 85651 (W.D. Wash. 2016). This concern is not a proportionality issue, and Plaintiff has not been able to identify any case in this district or otherwise in which the fact that the evidence will be damaging to defendants could be construed to implicate the proportionality requirements under the 2015 FRCP 26.[5]

---

[4] Regarding Plaintiff seeking the discovery in order to add new defendants, Plaintiff has filed a contemporaneous motion for leave to amend. If the Court grants this motion, the claims will be in the pleadings and this issue will be moot. But regardless, even if the Court denies leave to amend, the identities of the customers are relevant to damages in the case as currently formulated, and thus are discoverable under Fed.R.Civ.P. 26.

[5] *See e.g. Moore v. Lowe's Home Centers*,  2016 WL 687111 (W.D. Wash. Feb. 19, 2016) (Court declined to compel Defendant to conduct additional searches of witnesses' email accounts using 88 new search terms and excluding Plaintiff's name, finding that the request was "overly broad and not proportional to the case" and that Plaintiff had not provided specifics regarding what was reasonably expected to find  or that the information could not be found through other means); *T-Mobile USA  v. Huawei Device USA, Inc.*, 2016 WL 1597102 (W.D. Wash. Apr. 20, 2016) (Motion for protective order granted where requested information was not relevant to claims or defenses plead and thus outside the scope of discovery): *Santoyo v. Howmedica Osteonics*, 2016 WL 2595199 (W.D. Wash. May 5, 2016) (Protective order granted in part to preclude discovery of information of "minimal relevance," addressing proportionality in terms of the "slight relevance" of the information compared to the vast amount of discovery sought).

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL -  5

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

### III. CONCLUSION

Pond5's only defense to the motion is that the files may not be Mr. Hempton's, but Pond5 makes no effort to identify even a single difference between the claimed files. The identity of Pond5's customers and the download information are relevant and proportional to Plaintiff's claims, not burdensome to Pond5, and the present motion to compel should be granted.

Signed this 23rd day of September 2016.

        BRESKIN JOHNSON & TOWNSEND, PLLC

        By: *s/ Roger M. Townsend*
            Roger M. Townsend, WSBA #25525
            *s/ Cynthia J. Heidelberg*
            Cynthia J. Heidelberg, WSBA # 44121
            1000 Second Avenue, Suite 3670
            Seattle, WA 98104
            (206) 652-8660 Telephone
            rtownsend@bjtlegal.com
            cheidelberg@bjtlegal.com

            *s/ Nicholas Power*
            Nicholas Power, WSBA # 45974
            The Law Office of Nicholas Power
            540 Guard Street, Suite 150
            Friday Harbor, WA 98250
            360-298-0464
            nickedpower@gmail.com
            *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Jamie Telegin*
Jamie Telegin, Legal Assistant

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL -  7

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660