**THE HONORABLE BARBARA J. ROTHSTEIN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GORDON HEMPTON,

                Plaintiff,

    v.

POND5, INC., A DELAWARE
CORPORATION; AND POND5 USER
CKENNEDY342, A CORPORATION OR
INDIVIDUAL OF TYPE UNKNOWN,

                Defendants.

No.:   **3:15-cv-05696-BJR**

**DEFENDANT POND5, INC.'S
RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL SUBMISSION
(DKTS. 60, 61, 61-1)**

## I.   <u>INTRODUCTION</u>

Plaintiff filed a "Supplemental Submission in Support of Response to Order to Show Cause and in Support of Pending Motions" (Dkt. 60) and the Declaration of Cynthia Heidelberg in Support of Supplemental Submission in Support of Response to Order to Show Cause (Dkt. 61) and attached exhibit (Dkt. 61-1) (collectively referred to as "plaintiff's Supplemental Submission"). Pond5 submits this response and, for the reasons that follow, requests that the Court strike plaintiff's Supplemental Submission in its entirety.[1]

---

[1] Pond5 submits this Response under LCR 7(g). While, technically, plaintiff's Supplemental Submission does not call for a response in that it is not presented as a motion and is not noted for consideration on any particular day, Pond5 requests that this Court consider its response and request to strike. If the Court would prefer to consider the issues raised by plaintiff's Supplemental Submission and Pond5's Response in some other way, Pond5 is prepared to follow the Court's direction and provide the Court with whatever would assist the Court.

DEFENDANT POND5, INC.'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL SUBMISSION
(DKTS. 60, 61 AND 61-1) - 1
(3:15-cv-05696 BJR)

NICOLL BLACK **&** FEIG PLLC
1325 FOURTH AVENUE
SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

## II.   **ARGUMENT**

Pond5 requests that the Court strike plaintiff's Supplemental Submission. The plaintiff filed his Supplemental Submission without an accompanying motion seeking leave to file the document. In fact, even if the plaintiff's failure to include a motion were somehow overlooked, nowhere in the Supplemental Submission does the plaintiff provide citation to any Federal Rule of Civil Procedure or Local Rule that permits such a supplement, and plaintiff fails to articulate any legal basis providing a right to file it. Plaintiff simply filed the Supplemental Submission without asking the Court to consider it and without providing a legal basis for filing it. The document should be stricken.

Plaintiff's Supplemental Submission states that it is "in response to the Court's October 25, 2016 Order to Show Cause (Dkt. 50) and in support of Plaintiff's Motion to Compel (Dkt. 33) and Plaintiff's Motion [for] Leave to Amend (Dkt. 36)." The Supplemental Submission wrongly asserts that these two motions are "pending" (Dkt. 60 at 2) and, based upon the fact that it seeks to supplement the record associated with the Order, strongly implies that the Order to Show Cause is similarly pending. In fact, the Court has already ruled on one of the two motions (see Dkt. 56 (striking the motion to compel as moot and stating that the Court will revisit the issue, if necessary, after reviewing the motion for reconsideration)[2] and has issued a ruling on the Order to Show Cause (see Dkt. 55 (dismissing user ckennedy342)). Thus, two of the three filings that the Supplemental Submission purportedly relates to have already been decided. With respect to those, plaintiff should have and could have brought a motion for reconsideration, but he didn't, presumably because the deadline to do so has passed. Additionally, plaintiff's Supplemental Submission follows a motion for reconsideration of the Court's Order granting summary judgment, which relied heavily upon evidence that he could have submitted before the Court ruled on the motion for summary judgment. Combined, they create an unmistakable

---

[2] Dkt. 57 ordered Pond5 to respond to the motion for reconsideration without any discussion of the motion to compel. The motion for reconsideration has been fully briefed.

DEFENDANT POND5, INC.'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL SUBMISSION
(DKTS. 60, 61 AND 61-1) - 2
(3:15-cv-05696 BJR)

NICOLL BLACK **&** FEIG PLLC
1325 FOURTH AVENUE
SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

1  pattern and practice – if plaintiff is unhappy with an Order by this Court, he simply submits

2  different evidence, claims that it should carry great weight, and pleads with the Court to consider

3  it. This practice is improper. It forces Pond5 to re-litigate issues that have already been fully

4  briefed and/or decided, unnecessarily increases Pond5's defense costs, and wastes the valuable

5  time of this Court. The Supplemental Submission should be stricken.

6      Plaintiff, as he has in recent pleadings (see, e.g., reply in support of motion for

7  reconsideration, Dkt. 49, at 1), might argue that request to strike is simply an effort by Pond5 to

8  emphasize form over substance or that Pond5 is attempting to use procedural rules to create a

9  "gotcha" (*id.* at 3), but Pond5 has a right to defend itself, and that right includes a requirement

10  that plaintiff follow the Civil Rules or articulate some basis for filing a document that is not

11  otherwise allowed by the rules. Moreover, Pond5 should not be forced to re-litigate issues that

12  were already decided.

13      Plaintiff argues that Pond5's decision not to disclose a rebuttal expert and provide an

14  expert report is the basis for his filing of the Supplemental Submission, but this argument is

15  misplaced. Pond5 is under no obligation to explain to the plaintiff its reasoning for not

16  submitting a rebuttal expert, but one consideration was the fact that the Court granted summary

17  judgment disposing of the claims that plaintiff brought. It would seem to be an inefficient use of

18  resources to pay an expert to opine on issues that are related to claims that have been summarily

19  adjudicated.

20      Nonetheless, even if that axiomatic explanation is ignored, plaintiff's assertion that

21  Pond5's decision not to name a rebuttal expert constitutes some sort of admission that his

22  expert's opinions are valid borders on absurdity. There are many possible explanations for a

23  defendant's decision not to offer a rebuttal expert. Perhaps the defendant believes that the

24  plaintiff's expert can be effectively cross-examined and that a rebuttal expert is unnecessary.

25  Alternatively, a defendant might reasonably conclude that the proffered expert is unqualified and

26  will be excluded, eliminating the need for a rebuttal expert. Plaintiff's logic that Pond5's

27

DEFENDANT POND5, INC.'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL SUBMISSION
(DKTS. 60, 61 AND 61-1) - 3
(3:15-cv-05696 BJR)

NICOLL BLACK **&** FEIG PLLC
1325 FOURTH AVENUE
SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

decision not to name a rebuttal expert evidences agreement with plaintiff's experts fails any reasoned analysis. As such, the fact that Pond5 did not identify a rebuttal expert cannot serve as the basis upon which to draw any conclusions regarding the admissibility, reliability, or weight of plaintiff's expert. Pond5 urges the Court to reject plaintiff's illogical argument.

### III.   CONCLUSION

For the foregoing reasons, Pond5 respectfully requests that this Court strike plaintiff's Supplemental Submission and the Heidelberg Dec. and exhibit (Dkts. 60, 61, and 61-1).

**DATED** this 7th day of December, 2016.

NICOLL BLACK & FEIG PLLC


*/s/ Larry E. Altenbrun*
Curt H. Feig, WSBA No. 19890
Larry E. Altenbrun, WSBA No. 31475
Attorneys for Defendant Pond5, Inc.

DEFENDANT POND5, INC.'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL SUBMISSION
(DKTS. 60, 61 AND 61-1) - 4
(3:15-cv-05696 BJR)

NICOLL BLACK & FEIG PLLC
1325 FOURTH AVENUE
SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

1

## **CERTIFICATE OF SERVICE**

2

3
        I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/CF system which will send notification of such filing to the following:

4

5
                        Cynthia J. Heidelberg
                        BRESKIN JOHNSON & TOWNSEND PLLC
                        1000 Second Avenue, Suite 3670

6
                        Seattle, WA 98104
                        206-652-8660
                        Email: cheidelberg@bjtlegal.com

7

8
                        Nicholas E. D. Power
                        LAW OFFICEOF NICHOLAS POWER
                        540 Guard St., Ste 140

9
                        Friday Harbor, WA 98250
                        360-298-0464

10
                        Email: nickedpower@gmail.com

11
                        Roger M. Townsend
                        BRESKIN JOHNSON & TOWNSEND PLLC

12
                        1000 Second Avenue, Suite 3670
                        Seattle, WA 98104
                        206-652-8660

13
                        Fax: 206-652-8290

14
                        Email: rtownsend@bjtlegal.com

15

16
        DATED this 7th day of December, 2016.

17

18
                                        /s/ Larry E. Altenbrun
                                        Larry E. Altenbrun, WSBA No. 31475

19

20

21

22

23

24

25

26

27

DEFENDANT POND5, INC.'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL SUBMISSION
(DKTS. 60, 61 AND 61-1) - 5
(3:15-cv-05696 BJR)

**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE
SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555