UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GORDON HEMPTON <br><br> Plaintiff, <br><br> v. <br><br> POND5, INC. et. al, <br><br> Defendants. | CASE NO. 3:15-cv-05696-BJR <br><br> ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT |

## I.   INTRODUCTION

Plaintiff Gordon Hempton ("Hempton") moves this Court for leave to amend his complaint. Dkt. No. 36. Pond5 opposes the motion. Dkt. No. 40. Having reviewed the motion, the opposition thereto, the record of this case, as well as the relevant legal authorities, the Court will deny the motion. The reasoning for the Court's decision is set forth below.

## II.   BACKGROUND

Hempton holds himself out as "the world's preeminent nature sound recordist" who has "amassed a library of thousands of the Earth's rarest sounds[.]" Opp. to Motion for Summary Judgment, Dkt. No. 22, at 2-3. Hempton claims that "his library of copyrighted work is immensely valuable, and as such is closely controlled and licensed for specific purposes." *Id*. Pond5 operates www.pond5.com, a website through which media producers can license and distribute content to third parties. In September 2015, Hempton instituted this lawsuit against

1

Pond5 and a former Pond5 customer known as ckennedy342, alleging that ckennedy342 had uploaded hundreds of Hempton's copyrighted audio files to Pond5's website without his permission and offered the files for sale. Comp., Dkt. No. 1. Hempton sought, among other relief, actual and/or statutory damages from Pond5. *Id*. at ¶ 124.

This matter was originally assigned to the Honorable Judge Leighton. On February 4, 2016, Judge Leighton issued a scheduling order that set the deadline for filing a motion to join parties as March 30, 2016. Dkt. No. 14. The matter was reassigned to this Court on June 6, 2016. Dkt. No. 28. Thereafter, on September 8, 2016, Hempton filed the instant motion seeking leave to amend his complaint.

### III.   LEGAL STANDARD

Hempton seeks to add 500 defendants to this litigation more than five month after the deadline to do so expired. Therefore, he must demonstrate "good cause" under Federal Rule of Civil Procedure 16(b)(4) and LCR 16(b)(4). Rule 16(b)'s "good cause" standard focuses on the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification… If that party was not diligent, the inquiry should end.").

### IV.   DISCUSSION

Hempton moves for leave to amend his complaint so that he can "add unknown persons or entities ("John Does") who have purchased or downloaded his copyrighted works from Defendant Pond5's website." Dkt. No. 36. Hempton acknowledges that his request is untimely,

but argues that leave to amend is warranted because he has acted diligently in seeking information about the perspective defendants. Specifically, Hempton claims that:

> During discovery, [he] learned that: 1) Pond5 has not made any attempts to identify the Pond5 customers who downloaded and/or purchased [his] copyrighted material from ckennedy342; (2) Pond5 has not made any attempt to contact Pond5 customers who downloaded and/or purchased [his] copyrighted material from ckennedy342 to determine their subsequent use of that material or to recall from those customers [his] copyrighted material; and 3) at least one additional infringer, Pond5 Contributor "dathrex," has submitted [his] copyrighted material to Pond5 and Pond5 subsequently held that material out for sale.

Dkt. No. 36 at 2 (footnote omitted, emphasis in original).

Pond5 opposes Hempton's motion. It argues that it is unclear why it is relevant to Hempton's decision to amend his complaint whether Pond5 attempted to contact its customers regarding his work. Nevertheless, Pond5 argues, even if it is somehow relevant, Hempton was well aware that Pond5 had not contacted its customers about Hempton's work long before the deadline to join parties expired. Pond5 claims that Hempton was put on notice of this as early as January 21, 2016 when it stated so in its response to Hempton's discovery requests. *See* Dkt. No. 40 at 2 (REQUEST FOR PRODUCTION NO. 16: Please produce all documents related to any efforts Pond5 has undertaken to contact Contributors who have downloaded and/or purchased Gordon Hempton's works. RESPONSE: None.) Pond5 points out that it supplemented its response on March 11, 2015, stating: "Pond5 has not contacted any of its customers with respect to the allegations made by Mr. Hempton." *Id*. at 3. Yet, Pond5 argues, despite being put on notice that it has made no effort to contact its customers regarding Hempton's work three months *before* the deadline to join parties expired, Hempton wait until five months *after* the deadline expired to seek leave to amend his complaint.

Lastly, as for Hempton's claim regarding "dathrex," Pond5 points out that Hempton admitted in his deposition that he knew about this alleged infringement since November 2015.

3

Hempton does not dispute this. In fact, Hempton does not dispute any of Pond5's allegations regarding when he first became aware that Pond5 was not reaching out to its customers regarding his work. Rather, Hempton argues that it is irrelevant when he first discovered this information because the parties had "agreed to limit discovery to the [DMCA] safe harbor issue between March and July 2016" while Pond5 pursued summary judgment on that issue. Dkt. No. 43. at 2.

Hempton has not established "good cause" under Federal Rule 16. He concedes (or at least does not dispute) that he filed this motion over three months after obtaining the information that he allegedly needed in order to determine that additional parties to this action are necessary, and over five months after the deadline to add parties expired. His only excuse for his delay is that the parties had agreed to limit discovery during a four month period while Pond5 pursued summary judgment on the DMCA safe harbor issue. This argument makes no sense. First, Hempton does not dispute that he received the information he allegedly needed before the parties agreed to limit discovery, and second, while the parties may have agreed to limit discovery for a four month period, they did not agree to stay or extend any of the case management deadlines during that time. Hempton should have either filed the motion to amend during the requisite time period or he should have sought an extension to the deadline. He did neither. Good cause does not exist for modifying the pretrial scheduling order; therefore, Hempton's motion must be denied. *See*, *e.g*. *Johnson*, 975 F.2d at 609 (denying amendment when requested four months after deadline).

## V.   CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Hempton's motion to amend his complaint [Dkt. No. 36].

Dated this 13th day, January, 2017.

                                                  Barbara Jacobs Rothstein
                                                  U.S. District Court Judge