UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GORDON HEMPTON,<br><br>    Plaintiff,<br><br>v.<br><br>POND5, INC. et. al,<br><br>    Defendants. | CASE NO. 3:15-cv-05696-BJR<br><br>ORDER DENYING STIPULATED MOTION TO SEAL |

## I.   INTRODUCTION

Plaintiff Gordon Hempton and Defendant Pond5, Inc. ("Pond5") jointly move this Court pursuant LCR 5(g)(3) for permission to file under seal Pond5's Motion for Attorneys' Fees and Costs and Exhibit 1 filed in support of Pond5's motion. Dkt. No. 68. Having reviewed the motion, the relevant legal authorities, and the record of this case, the Court will deny the motion. The reasoning for the Court's decision follows.

## II.   BACKGROUND

Exhibit 1 is an email written by Plaintiff that Pond5 obtained through discovery in September 2016. Before commencing discovery, the parties had entered into a Stipulated Protective Order that governed the exchange of documents and allowed each party to mark certain documents as "Confidential." While a number of emails produced by Plaintiff through discovery were marked "Confidential," Exhibit 1 was not. However, during Plaintiff's

1

subsequent deposition, Plaintiff's counsel indicated that Exhibit 1 was confidential and designated the deposition testimony concerning Exhibit 1 confidential by requesting that it be separated into a separate "confidential" transcript.

Therefore, prior to filing its Motion for Attorneys' Fees and Costs and referencing Exhibit 1 in support of its motion, Pond5's counsel conferred with Plaintiff's counsel. During the conference, Plaintiff's counsel indicated that Plaintiff would continue to assert the confidentiality of Exhibit 1. As such, although Pond5 does not agree that Exhibit 1 warrants confidentiality protection, it agreed to jointly request this Court to allow Pond5's motion for fees and Exhibit 1 to be filed under seal.

### III.   DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978). Therefore, courts must "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Accordingly, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

The totality of Plaintiff's argument as to why Pond5's motion and Exhibit 1 should be filed under seal consists of the following two sentences:

> Hempton asserts that the subject email thread should remain sealed as it discloses an incipient business relationship which, if public, would reduce the value of the

project contemplated. The email communication discloses proprietary business plans which [*sic*] are those of the authors and should remain confidential for this purpose.

Dkt. No. 68 at 3.

This argument, such as it is, does not satisfy Plaintiff's high burden of establishing that filing the documents under seal is warranted. Indeed, Plaintiff does not bother to cite to any case law or other legal authority. Nor does he explain why disclosing this email would allegedly "reduce the value of the project contemplated" or why such an alleged risk outweighs the public's right to inspect judicial records and documents. Unsubstantiated statements based on hypothetical concerns cannot overcome the strong presumption in favor of access to public records.

## IV.    CONCLUSION

For the foregoing reasons, the stipulated motion to file Pond5's motion for attorneys' fees and costs and the supporting declaration and exhibit under seal is HEREBY DENIED.

Dated this 2nd day of February, 2017.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge